IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRETTEN SCOTT WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-884-BL-JTA |
| | ) | (WO) |
| DOUBLE SPRINGS POLICE DEPT., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**<u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff filed this action on October 22, 2026. (Doc. No. 1.) This action was referred to the undersigned "for consideration and disposition or recommendation on all pretrial matters as may be appropriate" pursuant to 28 U.S.C. § 636. (Doc. No. 5.)

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a).

## I. INTRODUCTION

Plaintiff Bretten Scott Ward alleges Defendants[1] Double Springs Police Dept. and Winston County Police Department violated his civil rights based on the following facts "1) Unlawful detention[;] 2) Excessive Force[;] 3) Profiling[;] 4) Unwarranted frisk[;] 5)

[1] Plaintiff's complaint states the Defendant(s) in the case caption as "State of Alabama City Police Dept Winston County PO." (Doc. No. 1.) Plaintiff also identifies the Defendants as "Double Springs Police Dept." and "Winston County Police Department" in paragraph two of the Complaint. (*Id*. at 1.)

False Arrest[; and] 6) Verbal misconduct." (Doc. No. 1 at 1.) Plaintiff alleges the violations occurred in Double Springs, Alabama, and alleges Defendants' addresses are in Double Springs, Alabama and Winston County, Alabama. (*Id.*)

## II. DISCUSSION

Venue for civil actions is governed by 28 U.S.C. § 1391(b), which provides that a

> civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a). Such transfers may be made *sua sponte* by the district court. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *see also* 28 U.S.C. § 1406(a) (directing a district court to dismiss or transfer an action to an appropriate venue if it determines that the action was filed in the wrong district).

Here, based upon Plaintiff's allegations, it appears the Northern District of Alabama is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Double Springs, Alabama and Winston County, Alabama are within the Northern District of Alabama. *See* 28 U.S.C. § 81. There is no allegation that the events giving rise to Plaintiff's claims occurred in this district. Nor is there an allegation that any Defendants, for purposes of venue, reside in this district. Neither the private interests of

the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in the Middle District of Alabama. Accordingly, the court concludes that in the interest of justice this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[2]

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama in accordance with the provisions of 28 U.S.C. § 1404(a).[3]

It is further ORDERED that, on or before **November 9, 2026**, Plaintiff may file objections to this Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Plaintiff is advised that frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Plaintiff from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right

---

[2] In transferring this case, the court makes no determination with respect to the merits of the claims presented in the complaint.

[3] Plaintiff has filed an application for leave to proceed *in forma pauperis*. (Doc. No. 2.) Under the circumstances of this case, the court finds that ruling on the *in forma pauperis* application should be undertaken by the United States District Court for the Northern District of Alabama.

of Plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 26th day of October, 2026.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE